UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60345-CIV-DIMITROULEAS/SNOW

MICHAEL GAYLE, and all other similarly
situated under 29 U.S.C. § 216(B),

        Plaintiff,

v.

SPARK OF HOPE, LLC, a Florida
Limited Liability Company, and
DAVID LAM, Individually,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on the Plaintiff's Motion for Attorneys' Fees and Costs Against Defendant Spark of Hope, LLC (ECF No. 59), which was referred to United States Magistrate Judge, Lurana S. Snow, for report and recommendation (ECF No. 60). The Defendant filed no response in opposition.

**I. BACKGROUND**

This case was filed in state court on December 11, 2017, as a collective action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. According to the Complaint, the Plaintiff worked for the Defendants from December 6, 2016, to mid-March 2017, as a "Behavioral Health Tech/Intake Coordinator, Complaint (ECF No. 1-2), at ¶¶ 10-12, and was not paid for overtime wages nor for any hours worked beyond 40 hours weekly, id., at ¶¶ 20-21, despite his having complained to Defendant Lam about the unpaid wages, id., at ¶¶ 23-25.

The case was removed to this court on February 14, 2018, and the Defendants filed an answer, with the assistance of counsel, on February 21, 2018. The parties filed a joint scheduling report on March 28, 2018. (ECF No. 7)

Defendants' counsel withdrew, and new counsel appeared as of October 29, 2018. (ECF No. 16) Mediation was scheduled for November 30, 2018 (ECF No. 11), then rescheduled to February 21, 2019, before a different mediator (ECF No. 26).

The Plaintiff filed an unopposed motion to extend deadlines (ECF No. 17) on November 2, 2018, then a motion to compel discovery and for sanctions (ECF No. 22) on January 25, 2019, which was denied as untimely (ECF No. 24), and another unopposed motion to extend deadlines (ECF No. 28). On March 7, 2019, counsel for the Defendants was permitted to withdraw from representation (ECF No. 35), and the Defendants have been without counsel in this matter since that date (the corporate Defendant was cautioned that it must retain counsel or risk entry of default). After defense counsel was permitted to withdraw, the Plaintiff filed a motion to strike the answer to the complaint, which was granted on March 19, 2019. (ECF No. 39)

On April 25, 2019, Final Default Judgment was entered in favor of the Plaintiff and against Defendant Spark of Hope, LLC, in the amount of $15,993.60. (ECF No. 57) The case remains pending against the individual Defendant.

The Plaintiff seeks an award of attorney's fees in the amount of $34,315.00. According to the Plaintiff, the requested fees represent 30 hours of work by attorney J. Freddy Perera at the rate of $400 per hour ($12,000.00), 11.2 hours of work by attorney Brody Shulman at the rate of $350 per hour ($3,920.00), and 55.7 hours by attorney Waynice A. Green at the rate of $325 per hour ($18,102.50), which is a total of $34,022.50. It is unexplained why the Plaintiff seeks fees in the amount of $34,315.00, and the Court will rely instead on the declarations provided by the three attorneys. No billing records were provided.

The Plaintiff also claims expenses in the amount of $1,378.24, consisting of $415.04 for a filing fee, $45.00 for the service of process, $20.70 for the issuance of summonses, $335 for court reporting costs, and $562.50 for mediation. No documentation of these expenses was provided.

## II. DISCUSSION

### A. Rules Governing Motions for Attorneys' Fees and Costs

The procedure for obtaining an award of attorneys' fees and costs is governed by the Local Rules for this District. Rule 7.3(a), S.D. Fla. L.R., sets out the "mechanism to assist parties in resolving attorneys fee and costs disputes by agreement" and states that "[a] motion for an award of attorneys' fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order shall not be filed until a good faith effort to resolve the motion, as described in paragraph (b) below, has been completed." The Rule states that a motion for fees and/or costs must, among other requirements, identify the judgment or other order which gives rise to the motion and describe and document with invoices all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920.  The motion also must certify that effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b), describing what was and was not resolved by agreement and addressing separately the issues of entitlement to fees and the amount.

An application for an award of costs is governed by Local Rule 7.3(c), which requires that such application:

> must be submitted on form (or in form substantially similar to) AO 133 of the Administrative Office of the United States Courts and shall be limited to the costs permitted by 28 U.S.C. § 1920.  Expenses and costs that the party believes are recoverable although not identified in § 1920 shall be moved for as provided in paragraph 7.3(a) above.  The bill of costs shall attach copies of any documentation showing the amount of costs and shall be supported by a memorandum not exceeding ten (10) pages.

Prior to filing a bill of costs, the moving party must confer with affected parties under the parties under the procedure outlined in Rule 7.1(a)(3).

### B. Attorneys' Fees

In the instant case, the Plaintiff made no attempt to confer with the Defendant Spark of Hope, LLC, through its representative the individual Defendant Lam, regarding the fees and costs

requested. Arguably, this omission was justified by the corporate Defendant's decision to default, but at a minimum the Plaintiff's reason for the omission should have been explained in his Motion. Nevertheless, in light of the Defendant's default, this Court will consider the Plaintiff's request for an award of attorneys' fees.

This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in Hensley v. Eckerhart, 461 U.S. 424 (1983), which held that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id. at 433.

The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Id. at 433-34. Therefore, counsel for the prevailing party "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. at 434.

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards. Norman v. Housing Auth. of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Id. at 1299, citing Blum v. Stenson, 465 U.S. 886, 895 (1984). The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates. Norman, 836 F.2d at 1299.

The applicant also bears the burden of documenting his or her time expenditures, and may submit opinions as to their reasonableness. Id. at 1303. However, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and

4

proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. Moreover, where billing records are voluminous, "a district court may make a reasonable across the board reduction in hours instead of engaging in the pick and shovel work necessary to make a more precise determination." Kenny A. ex rel. Winn v. Perdue, 532 F.3d 1209, 1220 (11th Cir. 2008).

Regarding the timekeepers' qualifications, the instant Motion states that Freddy Perera and Brody M. Shulman are partners in the law firm of Perera Barhnhart, P.A., and "[a]ll of Plaintiff's counsel practice extensively in the area of labor and employments representing employers and employees," and all regularly litigate FLSA cases in the Southern District of Florida. No other information relating to the education and experience of any timekeeper is provided. The undersigned finds, based on the available information, that the claimed rate of $400.00 per hour for Mr. Perera does not fall within the range of rates charged in the Southern District of Florida for similar services by lawyers of reasonably comparable skills, experience and reputation, particularly in light of the errors and deficiencies in the instant Motion. The undersigned concludes that a reasonable hourly rate for Mr. Perera and his partner Mr. Shulman is $350 per hour. With no information on Waynice A. Green-Musgroves' qualifications, the undersigned finds the appropriate hourly rate for this timekeeper to be $250.00.

As to the hours claimed, the Plaintiff has provided no breakdown of the tasks performed, nor has he attempted to apportion the hours attributable to Defendant Spark of Hope. The undersigned notes that very little transpired in this case before default was entered against Defendant Spark of Hope. Based on a careful review of the record in this cause, the undersigned finds that a reasonable time to have spent by each of the Plaintiff's three attorneys is 10 hours, for a total of 30 hours. Therefore, this Court should award attorneys' fees in the amount of $9,250 (20 hours for attorneys Perera and Shulman at the hourly rate of $350.00, and 10 hours for attorney Green-Musgroves at the rate of $250.00 per hour).

The undersigned predicts that after this Report is issued, counsel for the Plaintiff will attempt to correct the deficiencies of his Motion identified in this Report. The undersigned respectfully suggests that this Court not consider any supplemental material which may be submitted, based on the claim that all of Plaintiff's attorneys have extensive experience handling FLSA cases in this District. Based on this representation, counsel should be familiar with the Local Rules and there is no excuse for disregarding them. Accordingly, the undersigned recommends that any award of fees to Plaintiff in this case not exceed $9,250, regardless of whatever supplemental material may be submitted to the Court after the issuance of this Report.

### C. Costs

The Plaintiff did not confer with opposing counsel before filing his application for costs. Even if this omission is excused by the Defendant's default, the Plaintiff has not provided any documentation of his claimed costs and has not filed a bill of costs as required by Rule 7.3(c). As a result, the Court has no basis for determining whether the Plaintiff is entitled to some or all of these costs, and his request that they be awarded should be denied.

### III. CONCLUSION

This Court having considered carefully the arguments of counsel and the applicable case law, it is hereby

RECOMMENDED that the Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 59) be GRANTED, in part, and that the Plaintiff be awarded attorneys' fees in the amount of $9,250, with no award of costs.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar

the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

    DONE AND SUBMITTED at Fort Lauderdale, Florida, this 3rd day of June, 2019.

*Lurana S. Snow*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
 Counsel of Record